WILLIAM B. SMITH, receiver, &c., of Aaron Woodruff, *v.* SAM-
UEL B. WOODRUFF.

A. W., being insolvent, assigned a stock of goods to G., one of his creditors, for
  $1,000, upon condition that G. would deduct his claim therefrom, and pay the
  balance to the other creditors. G. sold the property to S. W. upon the same
  terms—the latter, however, agreeing to pay the balance to the creditors of A. W.
  only in case they would accept it in full, and discharge A. W. *Held*—

I. That this sale was to be regarded as an assignment for the benefit of creditors,
  and was void because it appropriated only a specified property, and not the whole
  of the debtor's estate.

II. That the balance in the hands of S. W., after the payments of the claim of G.
  and some others, was to be regarded as money had and received to the use of A.
  W.'s creditors, and could be recovered by them from him.

III. But that no action could be maintained therefor by a receiver of the property
  of A. W., appointed on the application of one of his judgment-creditors. Neither
  A. W. nor any one claiming under him had any right of action against S. W.
  therefor.(a)

APPEAL by defendant from a judgment of the Marine Court.
This action was brought by the plaintiff, as receiver of the prop-
erty, &c., of Aaron Woodruff. Aaron Woodruff, being insolvent
and owing about $1,700, sold his stock of goods to one A. D.
Gale for $1,000. Gale was one of Woodruff's creditors, and, by
the agreement between them, Gale was to pay himself out of the
$1,000, and apply the balance to the payment of the rest of
Woodruff's debts. Gale thereafter sold the property to the defend-
ant, Samuel B. Woodruff, for $1,000, he agreeing to pay out of the
sum Mr. Gale's claim, and to apply the balance to the payment
of the other creditors, provided they would thereupon release
Aaron Woodruff. He made some payments under this arrange-
ment, but at the time of this action had an admitted balance of
about two hundred dollars in his hands. The plaintiff, having
been appointed receiver of the property of Aaron Woodruff, in
supplementary proceedings taken out against him by a judg-

(a) See *Porter* v. *Williams,* 5 Seld. 142, *contra.*

ment-creditor, brought this action to recover that balance of two hundred dollars in Samuel B. Woodruff's hands. Judgment was rendered for the plaintiff by the justice who tried the cause, and it was affirmed by the general term of the Marine Court. The defendant appealed.

*D. T. Walden*, for the appellant.

*S. S. Freeman*, for the respondent.

BRADY, J.—Aaron Woodruff sold his stock of goods to A. D. Gale for $1,000, and, by the agreement of sale, Gale was to take out the amount of his debt against Woodruff, and pay the balance of the $1,000 to the other creditors of Woodruff. The defendant, hearing of the sale, bought the stock from Gale on similar terms, and partially, though not entirely, carried out the arrangement. He was to pay over the surplus, after payment or settlement of Gale's claim, to the creditors, provided the creditors would accept that surplus and release Aaron Woodruff from all his liabilities. It does not appear that Aaron imposed any conditions upon his creditors in the agreement made with or directions given to Gale, but appropriated to them the surplus after the payment of Gale's debt. Gale never acted upon that agreement or appropriation further than to sell the stock, which he bought from Aaron; and Aaron states that the defendant, when he bought, agreed to carry out the arrangement which he (Aaron) made with Gale.

Regarding the transaction between Aaron and the defendant as an assignment for the benefit of creditors, it would be void because of the conditions annexed. *Grover* v. *Wakeman*, 11 Wend. 187. Or, regarding it as an assignment for the benefit of creditors without conditions imposed, it would be equally void, because it is the appropriation of specified property, and not the whole of the debtor's estate (*Grover* v. *Wakeman, supra*), aside from the doubt, which may well be entertained, whether a trust, *eo nomine*, for the benefit of creditors, can be created by

parol. But there are other considerations which command attention. It is well settled, that if A deliver money to B, to be paid over to C, the latter may recover it in an action for money had and received. *Farmer* v. *Russel*, 1 Bos. & Pul. 296; *Weston* v *Barker*, 12 John. 276; *Tiernan* v. *Jackson*, 5 Peters U. S. R. 598; *Nelson* v. *Blight*, 1 Johns. cases, 305. It is said that there must be some assent, express or implied, to hold the money thus had and received for the purposes designed (*Williams* v. *Everett*, 14 East. 582), to prevent accruing equities between the parties, which might otherwise be interposed, to frustrate the contemplated appropriation; but that question does not arise in this case. The defendant promised to apply the money as directed, and did so as to all of the surplus except $200. It is true, that the directions of the assignor or debtor were general, and that the proportion which each creditor was to receive was not mentioned; but that does not destroy the obligation or duty, because the law will presume the appropriation to have been equally among the creditors in the proportions which their respective demands bore to the surplus. The defendant was, by his agreement, liable to the creditors of Aaron for this proportion, and the debtor could not maintain against him an action to recover the money so had and received to the use of the creditors. It had ceased to be his property, and the defendant had, by express promise, incurred a liability to the creditors. It will be found, on examination, that *Weston* v. *Barker* is analogous in the facts to those proved herein, while the principle applicable to both is the same. The debtor, not having any demand, right of action, or property, against, or in the hands of the defendant, the receiver acquired by his appointment no right to any property in the hands of the defendant or under his control, and the judgment of the court below was erroneous. The extent of the defendant's liability is the proportion to which the plaintiff is entitled on the principles herein enunciated, and for which the defendant may be sued by the judgment-creditor at whose instance the receiver was appointed. It may be said with great propriety, that if it appeared that the defendant had settled with

the creditors of Aaron on terms which would leave a sum in his hands belonging to Aaron, that to the amount thereof the re· ceiver could recover.   There is, however, no exposition of that kind herein.

Judgment reversed.